IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CR-131-F

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CHRISTOPHER BRANDON WHITAKER, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Defendant presented the testimony of the proposed third-party custodian, his uncle. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a six-count indictment on 4 December 2012 with: conspiracy to deal in firearms without a license on or before 29 July 2010, until on or about 14 June 2012 in violation of 18 U.S.C. § 922(a)(1)(A) (ct. 1); dealing in firearms without a license, and aiding

and abetting the same, on or before 29 July 2010 until on or about 14 June 2012 in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924, and 18 U.S.C. § 2 (ct. 2); knowingly making a false statement in connection with the acquisition of a firearm on or about 9 March 2012 in violation of 18 U.S.C. §§ 922(a)(6) and 924 (ct. 3); distribution of a quantity of 3,4-Methylenedoxymethamphetamine (*i.e.*, ecstasy) on or about 13 August 2009 in violation of 21 U.S.C. § 841(a)(1) (ct. 5); and possession of a firearm during and in relation to a drug trafficking offense and in furtherance of said crime on or about 13 August 2009 in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 6).

The evidence presented at the hearing showed that the charges arise, in part, from a series of 11 sales by defendant of firearms to a confidential informant and undercover agent between July 2010 and March 2012. The buyers represented themselves as convicted felons. With one exception, the transactions are recorded. Defendant also engaged in an unlawful strawman purchase at a gun dealer. In addition, defendant told the testifying agent that he could obtain Tommy guns and grenades, although there never were any transactions in those weapons. Defendant conducted one gun sale after an ATF agent met with him and his co-defendant father and discussed with them the illegality of their activity. Defendant was on state unsupervised probation when he engaged in four of the illicit sales.

In addition, defendant sold an undercover officer ecstasy on one occasion. He also told the testifying agent he could obtain pain pills for him. Defendant's girlfriend told the testifying agent that defendant could obtain marijuana and other drugs. She also told the agent that the bruises she had were caused by defendant beating her.

After his arrest on the federal charges, defendant went through the indictment with the testifying agent. He admitted to all the charges, including selling up to 150 guns, except that he

stated he did not have a firearm with him during the controlled buy of ecstasy. The agent testified, however, that during the transaction defendant told the undercover officer that he did have a firearm and the officer saw the butt end of a pistol in defendant's pocket.

## **Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offenses charged; the circumstances of the offenses charged, including the multiplicity of the illicit gun sales, the substantial number of guns sold, defendant's apparent ongoing drug trafficking, and his conduct of firearms sales while on state probation and, in one instance, after being informed of federal investigation into his activities; defendant's criminal record, including six misdemeanor convictions (two for assault); the danger of continued offense conduct by defendant if released; defendant's apparent polysubstance abuse problem; the unsuitability of the proposed third-party custodial arrangement due to the custodian's serious health concerns and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Although defendant pointed to the delay in prosecution, the latest offense conduct alleged in the indictment occurred in June 2012 (*see* ct. 1 at 1; ct. 2), about six months before the indictment issued in December 2012. The last transaction about which the agent testified occurred in March 2012. Given, among other considerations, the duration and

3

scale of defendant's trafficking in firearms as well as his apparent deep involvement in drug trafficking, the court does not find that the delay in prosecution can reasonably be interpreted as showing that defendant is no longer dangerous.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 26th day of February 2013.

_____
James E. Gates
United States Magistrate Judge